UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CARL HENLEY,
:
:
                              Plaintiff,
:
:
        -against-
:
:
DEPARTMENT OF CORRECTIONS et al.
:
:
:
                            Defendants.
:
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2021

20-CV-9399 (VSB)

**SECOND ORDER TO AMEND**

VERNON S. BRODERICK, United States District Judge:

      Plaintiff, currently detained at the Vernon C. Bain Center ("VCBC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his federal constitutional rights by not protecting him from contracting COVID-19 during his pre-trial detention.  On January 18, 2021, based upon the Amended Complaint filed in this action, (Doc. 6), I entered an order in which I set forth the background and procedural history of this case, dismissed Defendant "Department of Corrections" from the action, and directed Plaintiff to file a Second Amended Complaint.  (Doc. 9 ("January Order" or "Jan. Order").)  Among other things, the January Order states that Plaintiff had not pleaded "sufficient facts to state a claim," and I cautioned that "[i]f Plaintiff names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights."  (Jan. Order 5.)

      Plaintiff filed his Second Amended Complaint on January 20, 2021, in which he names as Defendants "Cynthia Brann, N.Y.C. D.O.C. Commissioner," "Patsy Yang, Health Director

Commissioner," and "Margaret Egan, Board of Corr. Executive Director." (Doc. 11 ("SAC").) However, Plaintiff has not alleged any facts about how the Defendants were personally involved in the pre-trial conditions of confinement he challenges. In other words, Plaintiff has not said in his Second Amended Complaint what is it that Defendants did or did not do that led to the pre-trial conditions he claims resulted in the violation of his rights. He says that Defendants "deliberately or recklessly disregarded or ignored [his] *311 complaint," which he says is attached as "Exhibit A," and he goes on to describe conditions that are allegedly unsafe in light of the COVID-19 pandemic. (SAC 4.)[1] However, he does not explain how Defendants acted deliberately or recklessly with regard to his conditions of confinement, nor does he establish Defendants ever saw his "*311 complaint." Moreover, the document Plaintiff attaches as the "*311 complaint" does not contain any facts about the conditions of Plaintiff's confinement or information suggesting that the Defendants he named were ever aware of anything about Plaintiff's confinement.[2] Accordingly, it does not help to establish how the Defendants named in the Second Amended Complaint were involved in the conditions about which Plaintiff sues.

---

[1] Plaintiff's handwritten Second Amended Complaint does not use numbered paragraphs.

[2] Below is a screenshot of Plaintiff's Exhibit A:



Because the Second Amended Complaint does not contain sufficient facts to state a claim, Plaintiff is hereby directed to file a third amended complaint. As noted in the January Order, if Plaintiff names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights.[3] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4]

In drafting the third amended complaint, Plaintiff should also review the January Order, which provided him with further directions as to what a complaint should include.

Accordingly, it is hereby:

ORDERED that Plaintiff must submit the third amended complaint to this Court's Pro Se Intake Unit within sixty (60) days of the date of this order, caption the document as a "Third Amended Complaint," and label the document with docket number 20-cv-9399 (VSB). No summons will issue at this time.

---

[3] Plaintiff may also find it helpful to review cases in which a court found that the facts placed before it established that named defendants may have had reckless disregard or took deliberate action in relation to improper conditions of confinement. *See, e.g.*, *Crispin v. Fortin*, No. Case No. 3:20cv1796(KAD), 2021 WL 781746, at *6 (D. Conn. Mar. 1, 2021) ("Crispin contends that Nurse Jane Doe 2 deterred him from seeking mental health treatment in the future by recommending that he be placed on suicide watch rather than listening to him vent about his mental distress. He claims that he was not suicidal at the time and only needed to 'decompress' and talk about his mental distress that had been caused by sensory deprivation. Crispin was not placed on suicide watch that day, however, because of the intervening assault by Officer Fortin."); *Warren v. City of New York Dep't of Corr. Med. Staff*, 17-CV-1125 (PKC) (LB), 2021 WL 1163105, at *9 (E.D.N.Y. Mar. 26, 2021) ("Plaintiff undisputedly presented to the medical clinic at Rikers on April 27, 2014 with a known history of asthma and symptoms of a severe asthma attack, including a peak flow measurement of 150. According to Plaintiff, after [named defendant] Dr. Kadri administered Albuterol and Prednisone and prescribed an antibiotic, Plaintiff reported no improvement and informed an officer at the clinic, Officer Garcia, that he felt like he was 'going to die.' Officer Garcia relayed the message to Dr. Kadri, yet Dr. Kadri refused to provide any further medical attention, leaving Plaintiff to exacerbate for hours in a 'holding cell' until another doctor was available to see him." (internal citations omitted)).

[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that if Plaintiff fails to comply within the time allowed, this case will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is respectfully directed to mail a copy of this order, along with the January Order, to the plaintiff and to note service on the docket.

SO ORDERED.

Dated:  October 6, 2021
        New York, New York

_____
Vernon S. Broderick
United States District Judge